LAW OFFICES OF STEVEN G. POLIN
Steven G. Polin (DCBN 439234)
spolin2@earthlink.net
3034 Tennyson Street, NW
Washington, D.C. 20015
Tel:  (202) 331-5848
Fax: (202) 537-2985

BRANCART & BRANCART
Christopher Brancart (CBN 128475)
cbrancart@brancart.com
Elizabeth Brancart (CBN 122092)
ebrancart@brancart.com
P.O. Box 686
Pescadero, CA  94060
Tel:  (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORES PROPERTIES, LLC, a California limited liability company; ALICE CONNER; SEAN WISEMAN; and ANDREW BLAIR,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF NEWPORT BEACH, a California municipal corporation,<br><br>    Defendants. | Case No.   SACV08-00457 AG (PLAx)<br><br>**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF** |

## I. PRELIMINARY STATEMENT

1.     In this fair housing action, plaintiffs claim that defendant City of Newport Beach (the "City") interferes with their ownership, operation, and occupancy of a dwelling, commonly referred to as a sober house, for disabled

persons recovering from alcoholism and substance abuse, in violation of the Fair Housing Act, Americans with Disabilities Act, and related state laws. Specifically, this action challenges ordinances adopted and enforced by the City that impose a moratorium on the establishment and operation of sober houses in Newport Beach, including plaintiffs' dwelling. It alleges that these moratorium ordinances discriminate on the basis of disability on their face, as applied, and in effect. It further alleges that the City violated federal and state law by denying plaintiffs' request for a reasonable accommodation.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 3613, and 42 U.S.C. § 12133. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiffs' additional claims under state law because plaintiffs' state law claims relate to plaintiffs' federal law claims, arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper because plaintiffs' claims arise from unlawful conduct occurring in Orange County, California, and because the rental property that is the subject of this action is located in Orange County, California.

## III. PARTIES

4. Plaintiff Pacific Shores Properties, LLC, is a California limited liability company, with a principal place of business in Newport Beach, California. It operates a sober house located at 492, 492½, and 494 Orange Avenue in Newport Beach, California (the "Orange Avenue house"), providing affordable housing and support to individuals recovering from substance abuse or alcoholism. The Orange Avenue house is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), and a "housing accommodation" within the meaning of the California Fair Employment and Housing Act, Government

Code § 12927(d).

5.    Plaintiff Alice Conner owns the Orange Avenue house.

6.    Plaintiff Sean Wiseman resides at the Orange Avenue house. Mr. Wiseman is a person with a disability within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h), the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the California Fair Employment and Housing Act, California Government Code §§ 12926(i), 12955.3, and 12955.6. Mr. Wiseman relies on his peers at the Orange Avenue house for support; his residence at the Orange Avenue house helps him in his recovery.

7.    Plaintiff Andrew Blair resides at the Orange Avenue house. Mr. Blair is a person with a disability within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h), the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the California Fair Employment and Housing Act, California Government Code §§ 12926(i), 12955.3, and 12955.6. Mr. Blair relies on his peers at the Orange Avenue house for support; his residence at the Orange Avenue house helps him in his recovery.

8.    Defendant City of Newport Beach is a chartered city under the laws of the State of California. The City has the authority to enact and enforce zoning regulations within its boundaries. The City is a public entity under the Americans With Disabilities Act, 42 U.S.C. § 12131.

## IV. FACTS

### A. INTRODUCTION

9.    The City, acting alone and in concert with others, directly and through agents, officers, and employees, has engaged in a pattern or practice of discrimination on the basis of disability in connection with the enactment and enforcement of zoning regulations. The City has engaged in this pattern or practice for the purpose and with the effect of discriminating against persons with disabilities. This pattern or practice of discrimination includes, but is not limited

to, the commission of the following discriminatory practices:

    a. Denying or otherwise making unavailable housing to disabled persons, including plaintiffs, because of disability;

    b. Discriminating in the terms, conditions, or privileges of sale or rental of housing by disabled persons, including plaintiffs, or in the provision of services or facilities in connection with housing, because of disability;

    c. Making, printing or publishing, or causing the making, printing or publishing a statement in connection with the sale or rental of housing that indicates a limitation, preference or discrimination on the basis of disability;

    d. Restricting or attempting to restrict housing choice of disabled persons, including plaintiffs, because of disability;

    e. Assigning disabled persons, including plaintiffs, to certain neighborhoods because of disability;

    f. Providing different municipal services to disabled persons, including plaintiffs, because of disability;

    g. Evicting or threatening to evict disabled persons, including plaintiffs, because of disability;

    h. Failing to make reasonable accommodations in rules, policies and practices that may be necessary to afford disabled persons, including plaintiffs, an equal opportunity to use and enjoy a dwelling;

    i. failing to affirmatively further fair housing in the administration and application of its zoning, building and life safety codes;

    j. denying or limiting disabled persons, including plaintiffs, the opportunity to participate in or benefit from the supportive housing program offered by sober houses, including the Orange Avenue

      house;

k.   using land use ordinances and methods of administering those ordinances with the purpose of subjecting disabled persons, including plaintiffs, to discrimination on the basis of disability;

l.   denying disabled persons in recovery, including plaintiffs, an opportunity to participate in a program in the most integrated setting appropriate to their needs;

m.   denying disabled persons, including plaintiffs, an equal opportunity to participate in or benefit from services and programs equal to those of people without disabilities;

n.   utilizing licensing and permit requirements to provide municipal code enforcement services that are not equal to groups of related nondisabled persons and groups of unrelated disabled persons who are not recovering alcoholics and drug addicts;

o.   utilizing licensing and permit requirements, a requirement not imposed upon other groups of related nondisabled persons, to deny disabled persons, including plaintiffs, enjoyment of any rights, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit or service;

p.   aiding, abetting, inciting, compelling or coercing the doing of acts or practices in violation of fair housing laws; and,

q.   discriminating through public land use practices, decisions, and authorizations because of disability, including the use of zoning laws that make housing opportunities unavailable.

10.   Plaintiffs, and each of them, has been and will be injured by the commission of this pattern or practice of discrimination by the City. As such, plaintiffs, and each of them, are aggrieved persons within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(I), the Americans with Disabilities Act, 42 U.S.C.

§ 12101 et seq., and the California Fair Employment and Housing Act, California Government Code § 12927(g).

### B. PACIFIC SHORES

11. Between 2004 and 2006, Pacific Shores renovated and opened the Orange Avenue house for occupancy by recovering alcoholics and substance abusers. It provides disabled persons recovering from alcoholism and substance abuse with a supportive environment that is essential for them to maintain their sobriety.

12. The Orange Avenue house operates as a single family housekeeping unit of unrelated persons. It is not intended for transient occupancy. Residents are required to share household facilities, to perform household chores, to abstain from using drugs or alcohol, to submit to drug testing (and to vacate if they test positive), and to go to work or school.

13. Pacific Shores does not provide substance abuse treatment services within the meaning of California Health and Safety Code § 11834.09, and therefore is not subject to licensing by the State.

14. The Orange Avenue house is located in an R-2 zone, one of the residential districts established under the City's zoning code.

### C. CITY OF NEWPORT BEACH

15. The City of Newport Beach, population approximately 80,000, is a seaside community. It includes a large number of single family houses, duplexes and triplexes whose owners rent their dwellings as short-term vacation rentals to diverse groups, such as families on vacation and students on breaks. It is a popular location for groups of students to rent dwellings while attending local colleges and universities. This practice is widespread. In 2007, the City allowed 804 dwellings to rent 5,734 beds for such short-term rental purposes. In contrast, the City has approximately 500 beds for persons in recovery, including sober houses.

16. The City has adopted the Newport Beach Zoning Code (the "NBZC") that governs land use policy in Newport Beach. The NBZC establishes residential districts, such as R-2 where the Orange Avenue house is located, in which the City permits single family residences. It defines the term "Family" to mean "one or more persons living together as a single housekeeping unit." NBZC 20.03.030. It defines "Single Housekeeping Unit" to mean "the functional equivalent of a traditional family, whose members are an interactive group of persons jointly occupying a single dwelling unit, under no more than one written or oral rental agreement, including the joint use of common areas and sharing household activities and responsibilities such as meals, chores and expenses." NBZC 20.03.030.

### D. THE MORATORIUM ORDINANCES

17. In 2007, the City enacted a series of ordinances for the purpose and with the effect of discriminating against disabled persons by blocking the creation and operation of certain housing for disabled persons, including sober houses, in residential districts, while explicitly permitting the same or similar uses by nondisabled persons in residential districts.

#### 1. April 2007 Moratorium Ordinance

18. On April 24, 2007, the City enacted Ordinance No. 2007-8, imposing a moratorium on the establishment or operation of any new transitory uses in a residential district for a period of 45 days.

19. Ordinance No. 2007-8 provided that for a period of 45 days: "No new transitory use shall be established or operated, and no use permits, variances, short-term lodging permits, other permits, business licenses, federal exception permits, or other applicable entitlements for the establishment or operation of any new transitory use shall be approved or issued unless otherwise provided for herein. Licensed residential care facilities and small and large family child care homes shall be exempt from the provisions of this ordinance."

20. Ordinance No. 2007-8 defined "transitory use" as including "new residential uses where the average tenancy is usually less than ninety (90) days, including but not limited to new parolee-probationer homes, safe houses, unlicensed residential care facilities, residential care facilities, general, short-term lodging pursuant to short-term lodging permits and other similar residential uses that are transitory in nature."

### 2. May 2007 Moratorium Ordinance

21. On May 30, 2007, the City renewed and modified the moratorium. It enacted Ordinance No. 2007-10, extending the moratorium for a period of five months, but now excluding short-term rentals, such as vacation and student rentals, from its coverage.

22. Ordinance No. 2007-10 provided that for a period of five months: "No new transitory use shall be established or operated, and no use permits, variances, short-term lodging permits, other permits, business licenses, federal exception permits, or other applicable entitlements for the establishment or operation of any new transitory use shall be approved or issued unless otherwise provided for herein. Licensed residential care facilities and small and large family child care homes, *and short-term lodging uses* shall be exempt from the provisions of this ordinance." (Emphasis added)

23. Ordinance No. 2007-10 defined "transitory use" as including "new residential uses where the average tenancy is usually less than ninety (90) days, including but not limited to new parolee-probationer homes, safe houses, unlicensed residential care facilities, residential care facilities, and other similar residential uses that are transitory in nature." It deleted "general, short-term lodging pursuant to short-term lodging permits" from the definition in Ordinance No. 2007-8, thereby exempting transitory vacation and student rentals from its coverage.

///

### 3. October 2007 Moratorium Ordinance

24. On October 18, 2007, the City renewed and again modified the moratorium. It enacted Ordinance No. 2007-16, extending the moratorium for a period of twelve months. It again excluded transitory uses that housed nondisabled persons, such as vacation and student rentals, from its coverage, while adding language that explicitly targeted housing for disabled persons.

25. Ordinance No. 2007-16 provided that for a period of 12 months: "No new transitory use *(including, but not limited to Residential Care Facilities, General, and unlicensed residential care facilities [i.e., sober houses],)* shall be established or operated, and no use permits, variances, short-term lodging permits, other permits, business licenses, federal exception permits, or other applicable entitlements for the establishment or operation of any new transitory use shall be approved or issued unless otherwise provided for herein. Licensed residential care facilities (so-called "Licensed 6 and Unders"), and small and large family child care homes, *and short-term lodging uses* shall be exempt from the provisions of this ordinance." (Emphasis added)

26. Ordinance No. 2007-16 defined "transitory use" as including "new residential uses where the average tenancy is usually less than ninety (90) days, including but not limited to new parolee-probationer homes, safe houses, unlicensed residential care facilities, residential care facilities, and other similar residential uses that are transitory in nature." Again, the City exempted "general, short-term lodging pursuant to short-term lodging permits" from the definition, thereby permitting transitory vacation rentals, while prohibiting non-transitory housing for disabled persons, such as sober houses.

### E. ENFORCEMENT OF THE MORATORIUM

27. On October 23, 2007, the City's assistant manager, David Kiff, issued a letter to Pacific Shores alleging that Pacific Shores operated the Orange Avenue house in violation of moratorium set forth in Ordinance Nos. 2007-8, 2007-10, and

2007-16. That letter declared that the "City expects full abatement of the foregoing use and we expect your cooperation in this process," demanded a response in seven days, and threatened litigation.

28. In response to that letter, Mark Manderson, a representative of Pacific Shores, met with Mr. Kiff. Mr. Manderson explained that the Orange Avenue house was housing for disabled persons, that occupancy in the Orange Avenue house was not transient in nature, that the Orange Avenue house operated as a single family housekeeping unit of unrelated, disabled persons, and that the Orange Avenue house provides a supportive environment to assist recovering substance abusers in maintaining their sobriety. Mr. Manderson also told Mr. Kiff that Pacific Shores had operated the Orange Avenue house as a sober house since 2004, and therefore it was not subject to the moratorium.

29. On November 6, 2007, the City sued Pacific Shores in Orange County Superior Court, case number 07-CC-11694, seeking to enforce the moratorium and enjoin operation of the Orange Avenue house.

### F. CITY DENIES REASONABLE ACCOMMODATION

30. On December 10, 2007, Pacific Shores, acting through counsel, served upon the City a written request for reasonable accommodation, asking the City to make an exception to its zoning regulations to permit Pacific Shore to continue to provide housing for disabled persons. It also asked that the City stay prosecution of superior court case number 07-CC-11694 until the parties could attempt to resolve the dispute. The request complied with the procedures for making a reasonable accommodation request under the Moratorium ordinances.

31. Two months later, on February 7, 2008, the City denied the request, without addressing the merits of that request.

### G. INJURIES

32. By reason of the City's unlawful acts and practices, plaintiffs have suffered loss of an important housing opportunity, including denial or limitation of

their housing choice, violation of their civil rights, emotional distress, including living in fear of losing their home, anxiety, pain, and setbacks in their efforts at recovery. Plaintiffs have lost and will continue to lose the value, use and enjoyment of their property and home. Accordingly, plaintiffs are entitled to compensatory damages.

33. There now exists an actual controversy between the parties regarding defendants' duties under federal and state civil rights laws. Accordingly, plaintiffs are entitled to declaratory relief under federal and state law claims pursuant to 42 U.S.C. § 3613(c)(1) and 42 U.S.C. § 12133, as well as Rule 57 of the Federal Rules of Civil Procedure.

34. Unless enjoined, the City will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering and will continue to suffer irreparable injury from the City's acts and the pattern or practice of discrimination unless relief is provided by this Court. Accordingly, plaintiffs are entitled to injunctive relief under federal and state law claims pursuant to 42 U.S.C. § 3613(c)(1) and 42 U.S.C. § 12133, as well as Rule 65 of the Federal Rules of Civil Procedure.

## V. CLAIMS FOR RELIEF

### A. FIRST CLAIM

### [Federal Fair Housing Act]

35. Plaintiffs reallege and incorporate herein by reference each proceeding paragraph.

36. Defendant City of Newport Beach injured plaintiffs, and each of them, by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.

### B. SECOND CLAIM

### [Americans with Disabilities Act]

37. Plaintiffs reallege and incorporate herein by reference each proceeding paragraph.

38. Defendant City of Newport Beach injured plaintiffs, and each of them, by committing unlawful practices in violation of Americans with Disabilities Act, 42 U.S.C. § 12131 et. seq.

## C. THIRD CLAIM
### [California Fair Employment and Housing Act]

39. Plaintiffs reallege and incorporate herein by reference each proceeding paragraph.

40. Defendant City of Newport Beach injured plaintiffs, and each of them, by committing unlawful practices in violation of California Fair Employment and Housing Act, Government Code §§ 12926, 12927, 12955, et seq.

## D. FOURTH CLAIM FOR RELIEF
### [California Government Code §65008]

41. Plaintiffs reallege and incorporate herein by reference each proceeding paragraph.

42. Pursuant to California Government Code § 65008, the action of defendant City of Newport Beach described herein is null and void because it denies plaintiffs the enjoyment of residence, landownership, tenancy and/or any other land use because of disability.

**WHEREFORE**, plaintiffs pray that the Court award them the following relief:

1. Enter a temporary restraining order and/or preliminary and permanent injunction restraining defendant City of Newport Beach from taking actions either directly or indirectly which would interfere in any way with plaintiffs' current occupancy of the Orange Avenue house;

2. Enter a declaratory judgment that defendant City of Newport Beach has illegally discriminated against plaintiffs by arbitrarily and capriciously

applying its Zoning Code to the occupancy of Orange Avenue house by groups of recovering alcoholics and addicts, thereby interfering with the plaintiffs' equal opportunity to use and enjoy a dwelling on the basis of handicap, in violation of the Fair Housing Act, the California Fair Employment and Housing Act, and the Americans with Disabilities Act;

    3.    Enter a declaratory judgment that defendant City of Newport Beach has illegally discriminated against the plaintiffs by seeking to enjoin them from providing and maintaining the Orange Avenue house as a residence for a group of recovering alcoholics and substance abusers for alleged violations of its Moratorium, thereby interfering with the plaintiffs' equal opportunity to use and enjoy a dwelling on the basis of handicap, in violation of the Fair Housing Act, the California Fair Employment and Housing Act, and the Americans with Disabilities Act;

    4.    Enter a temporary restraining order and/or preliminary and permanent injunction enjoining the City of Newport Beach, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them, from interfering with the operation of Orange Avenue house as a residence for recovering alcoholics and substance abusers, and/or from interfering in any way with the rights of the plaintiffs to reside in those premises;

    5.    Enter a temporary restraining order and/or preliminary and permanent injunction enjoining the City of Newport Beach, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them, from proceeding with the prosecution of Pacific Shores Properties, LLC for alleged violations of the Moratorium or otherwise interfering with the rights of recovering alcoholics or substance abusers to reside at Orange Avenue house;

    6.    Enter an order declaring that plaintiffs' use of the Orange Avenue house is consistent with classification of the premises as a single family dwelling,

and that the Moratorium is facially invalid under the federal Fair Housing Act and California Fair Employment and Housing Act;

    7.    Award compensatory damages;

    8.    Grant an award of reasonable costs and attorneys fees; and

    9.    Order other such other relief as the Court deems just and proper.

Dated: April 24, 2008.

                         Respectfully submitted,

                         LAW OFFICE OF STEVE G. POLIN
                         BRANCART & BRANCART

                         Christopher Brancart
                         Attorneys for Plaintiffs
                         cbrancart@brancart.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

**SACV08- 457 AG (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Case 8:08-cv-00457-JVS-RNB   Document 1   Filed 04/28/08   Page 16 of 20   Page ID #:16

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the
Central District of California

PACIFIC SHORES PROPERTIES, LLC, et al. (See Attachment)
Plaintiff
v.
CITY OF NEWPORT BEACH (See Attachment)
Defendant

Civil Action No. **SACV08-00457 AG (PLAx)**

### Summons in a Civil Action

To: *(Defendant's name and address)*

City of Newport Beach
Attn: City Clerk - LaVonne M. Harkless
3300 Newport Blvd. - Bldg B3
Newport Beach, CA 92663

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Christopher Brancart
BRANCART & BRANCART
PO Box 686
Pescadero, CA 94060

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SHERRI R. CARTER
Name of clerk of court

Date: APR 28 2008

**ROLLS ROYCE PASCHAL**
Deputy clerk's signature

1144

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORES PROPERTIES, LLC, a California limited liability company; ALICE CONNER; SEAN WISEMAN; and ANDREW BLAIR,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF NEWPORT BEACH, a California municipal corporation,<br><br>    Defendants. | Case No. |

AO 440 (Rev. 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____, by:

    (1) personally delivering a copy of each to the individual at this place, _____
_____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____ who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is _____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other (specify) _____
_____
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____.

Date: _____

                                                    Server's signature

                                                    Printed name and title

                                                    Server's address

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Pacific Shores Properties, LLC; Alice Conner; Sean Wiseman; Todd Marinvoch; and Andrew Blair

**DEFENDANTS**
City of Newport Beach

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Orange County, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Orange County, California

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Christopher Brancart, Brancart & Brancart, PO Box 686, Pescadero, CA 94060, Tel: 650-879-0141; Steven G. Polin, Law Office of Steven G. Polin, 3034 Tennyson St., NW, Washington, DC 20015, Tel: 202-331-5848

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Housing Act, 42 USC 3601 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☒ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No  ☑ Yes

If yes, list case number(s): SACV-08-00200 JVS (MLGx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Orange County, California.

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Orange County, California.

List the **California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Orange County, California.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date 4-24-08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |